**Ambrose KING, Appellant,**

v.

**Don H. CARMICHAEL, Earl Turner and John Doe, Appellees.**

**No. 13633.**

United States Court of Appeals
Sixth Circuit.

June 4, 1959.

**306**

Ralph E. Heyman, Dayton, Ohio, Stanley J. Aronoff, Cincinnati, Ohio, for appellant.

Andrew J. Transue, Flint, Mich., for appellee.

Before MARTIN, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant brought this action in the District Court for damages in the amount of $75,000 claiming violation of his civil rights. Sec. 1343, Title 28 U.S. Code; Sections 1983, 1985(3), Title 42 U.S.C.A.

His complaint charged that the appellees, who were the Sheriff of Genesee County, Michigan, and two of his deputies, did conspire to and did kidnap the appellant and take him over his objections from Ohio into Michigan and confine him in the County Jail of Genesee County, Michigan. Appellant had escaped from the Genesee County jail in which he was a prisoner, was taken into custody in Ohio by Ohio authorities, and was returned by the appellees, who went to Ohio to get him, to the Genesee County jail. Appellant thereafter received a sentence in the Michigan state court for robbery armed of from twenty to fifty years, which he is now serving.

Appellant contends that he did not waive extradition and was returned to Genesee County by force. Appellees denied these contentions and claimed that appellant waived extradition and, in any event, returned with the officers to Genesee County voluntarily. In a trial by jury, in which appellant was represented by different counsel from those who are representing him on this appeal, these issues were submitted to the jury. The jury returned a verdict for the appellees.

█ The main argument of appellant's counsel on this appeal, and the only one which we think it is necessary to discuss, is that the verdict is not sustained by the evidence. Apparently, this is based upon statements made by appellant to his counsel, since, as hereinafter shown, counsel does not have a transcript of the evidence. On this appeal we are not supplied with a transcript of the evidence or any statement of the evidence in narrative form. Rule 75(b) and (c), Rules of Civil Procedure, 28 U.S.C. In the absence of a transcript or a statement of the evidence in narrative form, the sufficiency of the evidence to support the verdict cannot be questioned on appeal. Jernigan v. Southern Pacific Co., 9 Cir., 222 F.2d 245, 248–249; Sublette v. Servel, 8 Cir., 124 F.2d 516, 517; Lloyd v. Webster Apartments Co., 6 Cir., 135 F.2d 971, 974.

█ Appellant was permitted to proceed in forma pauperis, and contends that since he is not financially able to furnish such a transcript one should be furnished at government expense or that some means be provided to enable his counsel on this appeal to ascertain what the evidence was and review it for the purposes of this appeal. He has made a motion to that effect.

This is not a criminal case. The information sought by appellant's present counsel is available by conferring with counsel who represented appellant in the trial in the District Court, by interviewing the witnesses who testified, and possibly, by reference to the notes of the trial judge. See: Miller v. United States, 317 U.S. 192, 198, 63 S.Ct. 187, 87 L.Ed. 179. In any event, the question is controlled by Sec. 753(f), Title 28 U.S.Code, which requires, in order for an appellant to obtain a transcript of the evidence in a civil case at government expense, that the trial judge or a circuit judge certify that the appeal is not frivolous, but presents a substantial question. No such certificate has been given. Jaffe v. United States, 2 Cir., 246 F.2d 760. Appellant's motion is overruled.

It is ordered that the judgment of the District Court be affirmed.