856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary William HOLT, Plaintiff-Appellant,
Victory Phillip Mencer, William David Arendall, Don Sharp, Plaintiffs,
v.
ONE CONFIDENTIAL PRISON INFORMANT, Michael Dutton, Ed
Sanders, Gary Poindexter, John Griggs, Al Rivers,
Defendants-Appellees.
 No. 87-6376.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1988.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff Gary William Holt appeals an order of the district court denying his motion for an extension of time to file objections to the magistrate's report and recommendation and denying his motion for a transcript of his evidentiary hearing. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff and three other inmates filed suit under 42 U.S.C. Sec. 1983 against multiple prison officials alleging that they had violated the plaintiffs' constitutional rights. The defendants are an unnamed confidential prison informant, the warden and various officers at Tennessee State Prison. Following an evidentiary hearing, the magistrate recommended that the complaint be dismissed as frivolous. Plaintiffs did not file objections, thus, the district court approved the report and recommendation and dismissed the complaint. Plaintiff Holt then requested that the district court set aside its order dismissing the complaint. The district court granted this motion and allowed plaintiff an additional ten days in which to file objections. Instead of filing objections, plaintiff filed a motion for extension of time in which to file objections to the magistrate's report and requested a transcript of the evidentiary hearing. The district court denied this motion and dismissed the complaint as frivolous because plaintiff did not file objections as previously ordered. Plaintiff now appeals this order. The merits of case are not at issue on appeal.
 
 
 4
 As an initial matter, we recognize this appeal as being brought only by Gary William Holt as he was the only one who signed the notice of appeal and he is not an attorney who is authorized to represent the remaining plaintiffs. See 28 U.S.C. Sec. 1654; Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979); Scarrella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir.), cert. denied, 429 U.S. 885 (1976).
 
 
 5
 Upon review, we conclude the district court properly declined to grant plaintiff an additional extension to file objections and properly declined plaintiff a free transcript. Plaintiff was required to file objections within ten days from receipt of the magistrate's report and recommendation. See Thomas v. Arn, 474 U.S. 140 (1985). There are also no exceptional circumstances present which would warrant an exception to this rule in the interests of justice. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). To the contrary, the record reflects that the district court gave plaintiffs ample opportunity to submit objections to the report and recommendation. Only after plaintiff was given a second chance to submit objections did the court dismiss the complaint as frivolous and deny his motion for an extension of time, for a transcript of the evidentiary hearing and for copies of all exhibits filed.
 
 
 6
 In addition, plaintiff is not entitled to a free transcript as we agree with the district court that this case is frivolous. See 28 U.S.C. Sec. 753(f); King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959), cert. denied, 361 U.S. 968 (1960).
 
 
 7
 Accordingly, the district court's order of December 4, 1987, insofar as it concerns the claims of plaintiff Gary William Holt, is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan, sitting by designation