909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fingal E. JOHNSON, Plaintiff-Appellant,
v.
Chris DANIELS; G.B. BROWN; Robert ATHERTON, Defendants-Appellees.
 No. 89-2012.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1990.
 
 BEFORE: KEITH and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Fingal E. Johnson, a pro se Michigan state prisoner, appeals a summary judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983 and Sec. 1985. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Johnson sued an assistant deputy warden (Daniels) and a mail room supervisor (Brown), both of whom are employees of the Michigan Department of Corrections and are employed at the State Prison of Southern Michigan. Johnson alleged that: (1) they denied him letters containing semi-nude photos of his girlfriend and postcards; (2) they denied him copies of Hustler and Club International that were sent to him by the publishers; (3) they conducted a hearing in these matters before an improperly constituted hearing panel; and (4) they are selectively enforcing their regulation regarding the possession of the magazines by allowing only the white inmates to have the magazines because the magazines only depict nudes of white women. Johnson alleged that these actions violated his first amendment right to receive mail, and his fourteenth amendment rights to due process and equal protection of the law. It is observed that a third person (Atherton) was also named in Johnson's complaint, but service of process was never completed on him, and the suit proceeded against only Daniels and Brown.
 
 
 3
 Upon consideration of the defendants' motion for summary judgment, the magistrate recommended dismissing the suit because the prison regulation in issue (PD-BCF-63.03) was valid as already determined in Hunter v. Koehler, 618 F.Supp. 13 (W.D.Mich. 1984), because Johnson received a proper hearing regarding the deprivation of his materials, and because Johnson had failed to supply sworn testimony to refute the defendants' motion for summary judgment that showed they had not acted in derogation of plaintiff's equal protection rights. Upon de novo review in light of Johnson's objections, the district court adopted the magistrate's report and recommendation and granted summary judgment for the defendants, thus dismissing Johnson's suit.
 
 
 4
 Johnson has filed a timely appeal and requests the appointment of counsel in his appellate brief.
 
 
 5
 Upon review we shall affirm the district court's grant of summary judgment to the extent it dismissed Johnson's first three enumerated claims; however, we shall reverse the summary judgment to the extent it dismissed Johnson's fourth claim asserted under the fourteenth amendment equal protection clause.
 
 
 6
 Summary judgment was properly entered for the defendants as to Johnson's first three claims because there was no genuine issue of material fact regarding these claims and the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 Johnson's allegations regarding his first claim are vague and conclusory and hence failed to state a cause of action. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). As for his second claim, after weighing the competing interests involved, we conclude that the rejection of the magazines is reasonably related to legitimate penological interests because the magazines contain many photographs of female nudes engaging in raw and very explicit acts of homosexuality. See Thornburgh v. Abbott, 109 S.Ct. 1874, 1882-84 (1989). We also note that Johnson concedes in his reply brief that the regulation in issue "appears to be fair on its face and impartial in its appearance." Finally, Johnson's procedural due process rights were likewise not denied merely because his hearing was not conducted before the proper prison panel. Cf. Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 8
 Summary judgment, however, was not properly entered regarding Johnson's last claim that the magazines were denied him disparately and unfairly, in violation of his fourteenth amendment equal protection rights. The district court believed that the defendants' denials of any improper motive were sufficient to warrant summary judgment for them on plaintiff's equal protection claim because Johnson had not refuted defendants' motion for summary judgment with sworn testimony as required by Fed.R.Civ.P. 56(e). However, the court overlooked that the plaintiff had filed an affidavit with his complaint verifying the allegations of his complaint. A verified complaint can be construed as an opposing affidavit sufficient to raise a question of fact for the factfinder. See Hooks v. Hooks, 771 F.2d 935, 945-46 (6th Cir.1985).
 
 
 9
 Johnson's equal protection allegations are based on first-hand knowledge and observation, and they likewise do not appear to be merely colorable or insignificantly probative. Hence, they are sufficient to bar summary judgment. See Wilson v. Seiter, 893 F.2d 861, 863 (6th Cir.1990); Ward, 881 F.2d at 330 n. 5. Johnson states that defendant Brown personally told him that he was being denied these magazines because they depict white women, a race different than his own black race. Johnson also states in his complaint that he has seen other prisoners possess these magazines and that he even learned how to subscribe to these magazines from these other prisoners. In light of these allegations, the defendants are not entitled to summary judgment as a matter of law because an equal protection claim is stated when defendants allegedly act with selective, discriminatory purpose on the basis of race in the manner of enforcing a regulation. See McCleskey v. Kemp, Supt. Ga. Diagnostic and Class. Center, 481 U.S. 279, 292 (1987); Oyler v. Boles, 368 U.S. 448, 456 (1962).
 
 
 10
 Two additional points are in order. The assistant deputy warden (Daniels) claims to have had no involvement whatsoever in any of the alleged wrongdoings. However, plaintiff argues that Daniels did know or at least should have known about the denial of his equal protection rights such that he may well have condoned or implicitly authorized the wrongdoings. These verified allegations are sufficient to raise a factual question for the factfinder. Cf. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 11
 Finally, it is not clear at this stage of the litigation in what capacity the defendants were acting when they allegedly committed the wrongdoings subject to Johnson's equal protection claim. Hence, the district court on remand should determine the capacity in which the defendants were in fact acting so as to determine whether the defendants are subject to suit for monetary damages. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). Even if subject to suit the defendants would still be free to assert the defense of qualified immunity from suit in their individual capacity. See Birrell, 867 F.2d at 958; Poe v. Haydon, 853 F.2d 418, 430-32 (6th Cir.1988), cert. denied, 109 S.Ct.788 (1989).
 
 
 12
 Accordingly, Johnson's request for counsel is hereby denied. The district court's summary judgment regarding Johnson's first three interrelated claims asserted under the first amendment and the fourteenth amendment due process clause is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. However, to the extent the district court dismissed Johnson's claim asserted under the fourteenth amendment equal protection clause, the summary judgment is hereby vacated and the case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.