996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred Keith BRAGG, Plaintiff-Appellant,
v.
Lamar GLENN, Columbus City Police, et al., Defendants-Appellees.
 No. 92-4224.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Alfred K. Bragg, a pro se Ohio plaintiff, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Bragg sued various state officials and his ex-wife. The state defendants included two judicial officers (Graham and Troy), three police sergeants (Crawford, Gilbert and Cunningham), two police officers (Glenn and Saunders), the Columbus City Prosecutor (O'Brien), an employee at the prosecutor's office (Kormanik), the Chief of Police (Joseph), and the Franklin County Sheriff (Smith). Bragg alleged that Glenn and Saunders violated his Fourth Amendment rights by conducting an illegal search of his home, resulting in the seizure of a social security check made out to Mrs. Bragg. Bragg alleged that the other named defendants aided in the seizure of the check following the illegal search.
 
 
 3
 After reviewing defendants' motions to dismiss and for summary judgment, the district court dismissed all the named defendants except Glenn. Following a bench trial, the district court entered a judgment in favor of Glenn. Bragg has filed a timely notice of appeal.
 
 
 4
 Upon review, we affirm the district court's judgment. Defendants Graham, Troy, Mrs. Bragg, O'Brien, Kormanik, Smith, and Joseph were properly dismissed because, even if we accept Bragg's allegations as true, he undoubtedly can prove no set of facts in support of his claims that would entitle him to relief against these defendants. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Referees Graham and Troy are entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Mrs. Bragg cannot be sued as a private individual under the circumstances of this case. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Joseph, Smith, and O'Brien cannot be held liable on a theory of respondeat superior. See Monell v. New York Dep't of Social Servs., 436 U.S. 658, 692 (1978). Bragg's claims as to Kormanik simply did not rise to a level of constitutional magnitude. Cf. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Finally, Crawford, Gilbert, Cunningham, and Saunders were properly dismissed because they were not properly served within 120 days after filing of the complaint as required by Fed.R.Civ.P. 4(j). See Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992).
 
 
 5
 As to the bench trial, in the absence of a transcript of the trial, we accept the district court's findings of fact as not clearly erroneous. See Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991); King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959) (per curiam), cert. denied, 361 U.S. 968 (1960). Upon careful review, we conclude that the district court properly held in favor of Glenn because he is entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982); Grossman v. Allen, 950 F.2d 338, 341 (6th Cir.1991).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.