38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William NOE, Plaintiff-Appellant,
v.
Bill HARWOOD, et al., Defendants,
John Rollins; Gerry Latham, Defendants-Appellees.
 No. 93-6000.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: KEITH and DAUGHTREY, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee state prisoner appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. He also moves for the appointment of counsel and a trial transcript at the government's expense. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment and injunctive relief, William Noe sued the warden and several employees of the Southeastern Tennessee State Regional Correctional Facility. Noe claimed that he was denied due process in his placement on Involuntary Administrative Segregation. Further, he claimed that the defendants conspired to falsely convict him of the disciplinary offense of threatening an employee.
 
 
 3
 The defendants moved for summary judgment, and the district court allowed Noe to amend his complaint to allege that defendants Latham and Rollins assaulted him by using excessive force. Noe also added as defendants Luther Bowman and Captain Bobby Cunningham. Noe claimed that Bowman deliberately falsified the disciplinary report against him and that Cunningham allowed the defendants to harass him with unnecessary searches of his cell.
 
 
 4
 The district court granted in part and denied in part the motion to dismiss and/or for summary judgment by defendants Carlton, Harwood, Haston, Maynard, Doris, Latham, and Rollins. Similarly, the district court granted in part and denied in part the motion to dismiss by defendants Cunningham and Bowman. Thereafter, the district court concluded that Noe was entitled to injunctive relief on his claim that his due process rights were violated when he was not properly served with notice of the disciplinary charges against him. Accordingly, the only claim before the court for trial was Noe's claim that defendants Latham and Rollins used excessive force against him. The jury returned a verdict for the defendants and the district court thereupon dismissed Noe's action. Noe appeals from the judgment entered on the jury's verdict.
 
 
 5
 Initially, we note that Noe seeks to challenge the sufficiency of the evidence, but does so without presenting a transcript of his trial. While he moves for a transcript at government expense, Noe has failed to bring to the attention of the court any issues that might require a close examination of the transcript nor has he raised a substantial question that would warrant granting him a transcript at government expense. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126 (1985). Additionally, Noe has not filed an agreed narrative statement of the trial testimony as contemplated by Fed.R.App.P. 10(c). See, e.g., Hawley v. City of Cleveland, 24 F.3d 814, 821-22 (6th Cir.1994). Absent a transcript or narrative statement, this court will not review a claim of sufficiency of the evidence on appeal. King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959), cert. denied, 361 U.S. 968 (1960).
 
 
 6
 Even if we were inclined to grant Noe a transcript, Noe's claim is barred because he failed to preserve the issue for appellate review. A challenge to the sufficiency of the evidence is reviewed on appeal from a district court's ruling on a motion for judgment as a matter of law if properly filed under Fed.R.Civ.P. 50(a) and (b). See Nida v. Plant Protection Ass'n Nat'l, 7 F.3d 522, 525 (6th Cir.1993); Tuck v. HCA Health Servs., 7 F.3d 465, 468 (6th Cir.1993). A challenge to the weight of the evidence is reviewed on appeal from the district court's rulings on either a motion for a new trial or motion for a judgment as a matter of law. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993). Noe did not properly preserve his challenge to the sufficiency of the evidence. Nothing contained in the record or in Noe's appellate briefs indicates that he filed a motion for a new trial or for a judgment as a matter of law at any time during the district court proceedings.
 
 
 7
 Noe's remaining allegations of error are meritless. The district court did not abuse its discretion by denying Noe's motion for a continuance, nor did it abuse its discretion by denying him the appointment of counsel.
 
 
 8
 Accordingly, Noe's motion for the appointment of counsel is denied, and his motion for the production of a transcript at the government's expense is likewise denied. The district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.