70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fingal E. JOHNSON, Plaintiff-Appellant,
v.
Chris DANIELS; G.B. Brown; Robert Atherton, Defendants-Appellees.
 No. 94-1981.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1995.
 
 Before: CONTIE, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner moves for the appointment of counsel and appeals for the second time from a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Fingal E. Johnson sued an assistant deputy warden (Daniels) and a mail room supervisor (Brown) employed at the State Prison of Southern Michigan in Jackson. Johnson also named Robert Atherton as a defendant in his complaint, but service of process was never completed on him, so the suit proceeded against only Daniels and Brown. Johnson claimed that: 1) the defendants denied him letters containing semi-nude photos of his girlfriend and certain postcards; 2) the defendants denied him copies of magazines ("Hustler" and "Club International") that were sent to him by the publishers; 3) the defendants conducted a hearing in the matters before an improperly constituted hearing panel; and 4) the defendants are selectively enforcing a prison regulation regarding the possession of the magazines by allowing only the white inmates to receive certain sexually explicit magazines while depriving the same right to him because he is black.
 
 
 3
 The case was submitted to a magistrate judge who recommended granting summary judgment in favor of the defendants. The district court adopted the magistrate judge's report and recommendation and dismissed Johnson's suit. On appeal, this court held that summary judgment for the defendants was proper as to Johnson's first three claims, but remanded the case on Johnson's fourth claim with additional instructions to determine the capacity in which the defendants were being sued. Johnson v. Daniels, No. 89-2012, 1990 WL 115830, at * 3 (6th Cir. Aug. 9, 1991) (order).
 
 
 4
 On remand, the district court dismissed defendant Daniels from the case and concluded that defendant Brown was subject to suit for monetary damages in his individual capacity. Counsel was appointed for Johnson and the case was tried to the bench, which resulted in a ruling in defendant Brown's favor. The district court thereupon dismissed the action on the merits, and Johnson now appeals that judgment.
 
 
 5
 In his timely appeal, Johnson reasserts that defendant Brown denied his rights under the Equal Protection Clause of the Fourteenth Amendment by allowing white inmates to receive certain sexually explicit magazines (containing graphic photographs of homosexual sex), while depriving the same right to him because he is black.
 
 
 6
 Initially, we note that Johnson only addresses issues relating to his claim against defendant Brown, which was the sole subject of the bench trial. Thus, Johnson's claim against defendant Daniels, which was raised in the district court, yet not raised on appeal, is considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 The court is likewise precluded from reviewing the issues raised on appeal that relate to Brown. Johnson essentially argues on appeal that he submitted sufficient evidence to meet his burden of proving his equal protection claim against Brown. If an appellant, however, intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he must include in the record a transcript of all evidence relevant to such a finding or conclusion, Fed.R.App.P. 10(b), or a statement of the evidence as agreed to by the parties. See Hawley v. City of Cleveland, 24 F.3d 814, 821 (6th Cir.1994). An appellant waives his right to challenge the sufficiency of the evidence on appeal if he fails to file a transcript of the relevant evidence or a statement of the evidence in narrative form. See King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959) (per curiam), cert. denied, 361 U.S. 968 (1960).
 
 
 8
 In this case, Johnson did not order any portion of the transcript nor did he file a narrative statement of the evidence. Therefore, the district court's judgment in favor of defendant Brown is unreviewable.
 
 
 9
 Accordingly, Johnson's motion for the appointment of counsel is hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.