70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy Paul KEENAN, Plaintiff-Appellant,
v.
Jamie McQUEEN; Carl E. Bergh; Louis Greene; Thomas
Petrocik; Roger Nayback; Wayne W. Stine;
Theodore W. Koehler; Robert Brown, Jr.,
Director; David A. Place,
Defendants-Appellees.
 No. 94-2015.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1995.
 
 Before: CONTIE, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Timothy Paul Keenan sued the Director of the Michigan Department of Corrections (Robert Brown Jr.), the former warden of the Marquette Branch Prison (Theodore Koehler), the prison's Assistant Deputy Warden (Wayne Stine), prison captain (David Place), three prison sergeants (Louis Greene, Thomas Petrocik, and Roger Nayback), and two prison corrections officers (Carl Bergh and Jamie McQueen). Keenan sued the defendants in their official and individual capacities. Keenan claimed that defendant McQueen assaulted him, defendant Bergh acquiesced in the assault, and the remaining defendants conspired to cover up the assault.
 
 
 3
 The case was submitted to a magistrate judge who produced three reports and recommendations which reduced the number of defendants and narrowed the issues. Eventually, the magistrate judge recommended that summary judgment be granted to defendants Greene, Petrocik, Nayback, Stine, Koehler and Brown, but that summary judgment not be granted to defendants Place, Bergh, and McQueen. After the parties conducted discovery, the case was again submitted to a magistrate judge. By that time, Keenan claimed that: 1) McQueen violated his Eighth Amendment rights by using excessive force; 2) Bergh violated his Eighth Amendment rights by acquiescing in McQueen's use of force; 3) Place violated his Eighth Amendment rights by witnessing the use of force; and 4) McQueen violated his due process rights by filing spurious misconduct tickets against him. The magistrate judge recommended that defendants Bergh and Place be granted summary judgment on the ground of qualified immunity, and that defendant McQueen be granted summary judgment, but only as to Keenan's due process claim against him. The district court adopted the magistrate judge's report and recommendation over Keenan's objections, and the case went to trial on the sole claim that defendant McQueen used unreasonable force against Keenan. After a two-day bench trial, the district court dismissed the complaint on the merits. The record, however, contains no written findings of fact, and Keenan has not provided the court with a trial transcript or a statement of the evidence as agreed to by all the parties. The district court certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. Sec. 1915(a). This court granted Keenan in forma pauperis status on appeal.
 
 
 4
 In his timely appeal, Keenan requests counsel and reasserts that defendants Bergh and Place violated his rights under the Eighth Amendment by acquiescing in McQueen's excessive use of force (claims 2 and 3 above). Keenan also reasserts that defendant McQueen violated his rights under the Due Process Clause of the Fourteenth Amendment by issuing him spurious disciplinary tickets (claim 4 above). Keenan also argues that the district court abused its discretion by not appointing counsel to represent him at trial and by allowing the defendants to withdraw admissions. Finally, Keenan states that the district court should have enforced a settlement agreement between the parties.
 
 
 5
 Initially, we note that Keenan does not assert any issues regarding defendants Greene, Petrocik, Nayback, Stine, Koehler and Brown. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 7
 The district court's grant of summary judgment with respect to Bergh and Place is affirmed because Keenan cannot show that Bergh and Place violated their duty to protect him from assaults by a fellow corrections officer. Keenan's claims against Bergh and Place are premised upon his allegation that McQueen assaulted him. Keenan's claim that McQueen assaulted him, however, was the subject of a two-day bench trial, which resulted in a ruling in McQueen's favor. Because Keenan has not filed a trial transcript or a statement of the evidence that is agreed to by all the parties, Keenan cannot challenge the trial court's ruling in this regard. See Hawley v. City of Cleveland, 24 F.3d 814, 821 (6th Cir.1994); King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959), cert. denied, 361 U.S. 968 (1960). Thus, because there is no underlying Eighth Amendment violation upon which to base Bergh's and Place's culpability, Keenan's claims against these defendants are meritless and the summary judgment awarded them is affirmed on this basis.
 
 
 8
 The district court properly granted summary judgment in favor of McQueen regarding Keenan's procedural due process claim. Keenan claims that McQueen issued spurious misconduct tickets to him as a result of the alleged assault. According to Keenan, the tickets were written solely to justify his immediate transfer into segregation where his access to potential witnesses would be limited. This claim is without merit because Keenan received all the process due him as required by Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Finally, we conclude that Keenan's remaining allegations of trial error are meritless.
 
 
 9
 Accordingly, Keenan's motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.