103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William G. SUTHERLAND, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS, et al., Defendants-Appellees.
 No. 95-2156.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1996.
 
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 William G. Sutherland appeals the district court's judgment for defendants following a bench trial in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sutherland filed his complaint in the district court alleging that the defendant Michigan prison officials were deliberately indifferent to his serious medical needs. Plaintiff named as defendants the Michigan Department of Corrections and five prison officials in their individual and official capacities and sought declaratory and injunctive relief and compensatory and punitive damages. The district court granted plaintiff's motion for a preliminary injunction and directed defendants to transfer plaintiff to the Lakeland Correctional Facility and to provide corrective surgery and other medical care for injuries plaintiff suffered in a fall in the kitchen at the Riverside Correctional Facility in 1987.
 
 
 3
 Thereafter, counsel was appointed to represent plaintiff and an amended complaint was filed in which plaintiff, inter alia, added a claim that defendants retaliated against him after his initial complaint was filed. After some of plaintiff's claims were dismissed or resulted in summary judgment for defendants, plaintiff's remaining Eighth Amendment claims proceeded to a six day bench trial. After trial, the district court entered findings of fact, conclusions of law, and a judgment for defendants. This timely appeal followed, and the district court granted plaintiff leave to appeal in forma pauperis. However, the district court denied plaintiff's motion for a transcript at government expense.
 
 
 4
 On appeal, plaintiff contends that a prescribed exercise program was inconsistent with his rotator cuff injury. In addition, plaintiff refers to his affidavit in support of a motion for leave to proceed in forma pauperis in which he asserted: (1) that his shoulder surgery was postponed pending resolution of his tinnitus which defendant Hutchinson knew and testified would never resolve; and (2) the district court refused to decide an issue of defense counsel's liability to plaintiff for money damages. Defendants respond that: (1) defendant Hutchinson was not deliberately indifferent to plaintiff's serious medical needs; and (2) the district court properly declined to address plaintiff's assertion at trial that defense counsel was in contempt of court. Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court in its opinion filed September 13, 1995.
 
 
 5
 Generally, this court reviews a district court's findings of fact entered following a bench trial only for clear error. Fed.R.Civ.P. 52(a). Clear error may be found only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). In the absence of a trial transcript, the district court's findings of fact must be presumed correct. See Trujillo v. Grand Junction Regional Ctr., 938 F.2d 973, 976 (10th Cir.1991); King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959) (per curiam), cert. denied, 361 U.S. 968 (1960). This court reviews de novo on appeal a district court's conclusions of law. Affiliated FM Ins. Co. v. Owens-Corning Fiberglas Corp., 16 F.3d 684, 686 (6th Cir.1994). Here, plaintiff cannot show that the district court committed any error.
 
 
 6
 First, plaintiff's contention on appeal that defendant Hutchinson was deliberately indifferent to his serious medical needs lacks merit. See Wilson v. Seiter, 501 U.S. 294, 297-300 (1991); Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992). Second, plaintiff's contention that he was prescribed a regimen of physical therapy inconsistent with a rotator cuff injury constitutes a disagreement with the medical treatment received rather than constitutionally inadequate medical care. See Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Plaintiff's contention that the district court left unresolved his motion to hold defense counsel liable for money damages lacks merit. Rather, the district court properly declined to consider plaintiff's motion in the midst of the trial of plaintiff's civil action. See Downey v. Clauder, 30 F.3d 681, 685-86 (6th Cir.1994); NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 589 (6th Cir.1987).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.