107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judith K. McCANN, Plaintiff-Appellant,
v.
HORIZON HEALTHCARE CORPORATION, doing business as Wyant
Woods Care Center, Defendant-Appellee.
 No. 96-3147.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Judith K. McCann appeals a district court judgment for defendant entered following a bench trial in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Ohio law. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed her complaint in the district court alleging that she was fired from her job as a nursing home administrator due to her pregnancy. Defendant moved for summary judgment, and plaintiff responded in opposition. Defendant submitted a response, and the district court denied defendant's motion. The case proceeded to a two-day bench trial, after which the district court made findings of fact, conclusions of law and entered judgment for defendant. Plaintiff filed a timely notice of appeal and paid the appellate filing fee.
 
 
 3
 On appeal, plaintiff moves for the appointment of counsel, recounts the facts of her case and contends that the district court's judgment was improper. In addition, plaintiff contends that: (1) an attorney appointed by the district court to act as a neutral evaluator of this case under a local district court rule acted improperly; (2) defendant did not cooperate in discovery; and (3) the district court made improper evidentiary rulings at trial. Defendant responds that plaintiff has not provided a trial transcript on appeal and moves this court to dismiss the appeal on that basis. Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum and opinion filed January 11, 1996.
 
 
 4
 Generally, this court reviews de novo a district court's conclusions of law. Affiliated FM Ins. Co. v. Owens-Corning Fiberglas Corp., 16 F.3d 684, 686 (6th Cir.1994). This court reviews a district court's findings of fact entered following a bench trial only for clear error. Fed.R.Civ.P. 52(a). In the absence of a trial transcript, the district court's findings of fact must be presumed correct. See Trujillo v. Grand Junction Reg'l Ctr., 928 F.2d 973, 976 (10th Cir.1991); King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959) (per curiam), cert. denied, 361 U.S. 968 (1960). Further, plaintiff has waived any challenge to the sufficiency of the evidence supporting the judgment by failing to provide a transcript. See Hawley v. City of Cleveland, 24 F.3d 814, 820-22 (6th Cir.1994). Similarly, this court cannot determine whether the district court's evidentiary rulings constitute an abuse of discretion in the absence of a transcript. See Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1330 (6th Cir.1994). Under these circumstances, plaintiff cannot show legal or factual error. Plaintiff's remaining claims on appeal lack merit.
 
 
 5
 Accordingly, plaintiff's motion for counsel and defendant's motion to dismiss the appeal are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.