**Edward RAY, Plaintiff–Appellant,**

v.

**LIBBEY GLASS, INC., Defendant–Appellee.**

**No. 01–4060.**

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*

*ORDER*

Edward Ray appeals a district court judgment dismissing his employment discrimination action filed under Title VII, 42 U.S.C. § 2000e–2. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ray sued his former employer, Libbey Glass, Inc., alleging that the defendant discriminated against him because of his race, sex, and disability when it terminated his employment. Ray also alleged state law claims of negligent and intentional infliction of emotional distress. The district court granted summary judgment to the defendant on all of Ray's claims, except for

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

his claim that the defendant discharged him because of disability discrimination. The case proceeded to trial on this claim, and the jury returned a verdict in favor of the defendant. Ray has filed a timely appeal.

We note initially that Ray does not raise his claim of reverse sex discrimination on appeal. Therefore, this claim is considered abandoned and not reviewable. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

Ray challenges on appeal several of the district court's evidentiary rulings at trial, and he also appears to challenge the jury's verdict for the defendant. To pursue these assignments of error, Ray must file with the court a transcript of all evidence relevant to these rulings and to the verdict. Fed. R.App. P. 10(b)(2). Ray also could file a narrative summary of the evidence, agreed to by all the parties, for this court's review. *Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *King v. Carmichael,* 268 F.2d 305, 306 (6th Cir. 1959). Because Ray has not filed a transcript or a narrative summary of the contested portions of the trial with this court, review of these claims is precluded. *Hawley,* 24 F.3d at 821–22; *United States v. Olivo,* 69 F.3d 1057, 1066 (10th Cir.1995).

Ray also challenges the district court's grant of summary judgment to the defendant on his claim of racial discrimination and his state law claims. This court reviews de novo a district court order granting summary judgment. *Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.,* 205 F.3d 912, 914 (6th Cir.2000). Once the moving party has met its burden

of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

The district court properly granted summary judgment to the defendant on Ray's claim of racial discrimination. Ray argues that the defendant discriminated against him by treating him differently from other employees because of his race. For disparate treatment cases, the plaintiff must produce evidence which establishes that: 1) he was a member of a protected class; and 2) he was treated differently than similarly-situated non-minority employees. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583–84 (6th Cir.1992). The plaintiff must show that the other employees were similarly situated in all respects. *Clayton v. Meijer, Inc.,* 281 F.3d 605, 611–12 (6th Cir.2002). The defendant has demonstrated an absence of evidence to support Ray's claim that he was treated differently from similarly-situated employees, and Ray has not responded with significant evidence establishing a genuine issue of fact for trial.

Ray's state law claim of negligent infliction of emotional distress fails to even state a claim. Ohio has refused to recognize a separate tort for negligent infliction of emotional distress in the employment context. *Tschantz v. Ferguson,* 97 Ohio App.3d 693, 647 N.E.2d 507, 521 (Ohio App.1994).

The district court properly granted summary judgment on Ray's state law claim of intentional infliction of emotional distress. In order to prevail on a claim for intentional infliction of emotional distress, an Ohio plaintiff must demonstrate that: 1) the actor either intended to cause emotional distress or should have known that the actions taken would result in serious emotional distress to the plaintiff; 2) the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be

considered as utterly intolerable in a civilized community; 3) the actor's actions were the proximate cause of the plaintiff's psychic injury; and 4) the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable person could be expected to endure it. *Takach v. Am. Med. Tech., Inc.*, 128 Ohio App.3d 457, 715 N.E.2d 577, 586 (Ohio App.1998). The defendant demonstrated an absence of evidence to support Ray's claims that its conduct was extreme and outrageous and that he suffered serious mental anguish, and Ray has not responded with significant evidence establishing a genuine issue of fact for trial.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.