**Darrell K. SMITH, Plaintiff–Appellant,**

v.

**POSTMASTER GENERAL; United States Postal Service, Defendants–Appellees.**

No. 03–5094.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2003.

Darrell K. Smith, Memphis, TN, pro se.

Sidney P. Alexander, Asst. U.S. Attorney, U.S. Attorney's Office, Sandra W. Bowens, United States Postal Services, Law Department, Memphis, TN, David G. Karro, U.S. Postal Service, Washington, DC, for Defendants–Appellees.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

## ORDER

Darrell K. Smith appeals a district court judgment dismissing his employment discrimination action filed under Title VII (42 U.S.C. § 2000e–16), and the Rehabilitation Act (29 U.S.C. § 794a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith, a former employee of the United States Postal Service ("USPS"), filed a complaint on November 9, 2000, alleging that the USPS had employed him as a transitional employee from 1992 until 1996. The USPS employs transitional employees for renewable terms of up to 359 days. In October of 1996, Smith suffered injuries in an on-the-job vehicular accident, resulting in his becoming disabled. When his transitional period expired on September 13, 1997, the USPS did not recall Smith to work. Smith claimed that the USPS, in declining to rehire him, relied on his disability in violation of the Rehabilitation Act. He also alleged that the USPS violat-

ed Title VII, breached the collective bargaining agreement governing employment, and wrongfully discharged him. Because the complaint alleged inadequate facts to support a claim under either Title VII or the Rehabilitation Act. the district court ordered Smith to file an amended complaint.

Smith filed an amended complaint on December 18, 2000. The amended complaint alleged three causes of action against USPS resulting from the failure to rehire Smith after the mandatory six day leave period: 1) race discrimination: 2) disability discrimination: and 3) breach of contract. The defendants filed a motion for summary judgment as to each of Smith's claims. The district court granted the defendants' motion as to Smith's race discrimination and breach of contract claims. The case proceeded to trial on Smith's disability discrimination claim, and the jury returned a verdict in favor of the defendants. Smith has filed a timely appeal.

We note initially that Smith does not raise his race discrimination and breach of contract claims on appeal. Therefore, these claims are considered abandoned and not reviewable. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

Smith challenges on appeal several of the district court's evidentiary rulings at trial, and he also appears to challenge the jury's verdict for the defendants. In light of these arguments, Smith must file with the court a transcript of all evidence relevant to such conclusions and conduct. *See* Fed. R.App. P. 10(b)(2). Smith also could file a narrative summary of the evidence, agreed to by all the parties, for this court's review. *See Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *King v. Carmichael,* 268 F.2d 305, 306 (6th Cir. 1959). Because Smith has not filed a transcript or a narrative summary of the contested portions of the trial with this court, review of these claims is precluded. *See Hawley,* 24 F.3d at 821–22; *United States v. Olivo,* 69 F.3d 1057, 1066 (10th Cir. 1995).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.