Jami NATURALITE, also known
as Daniel James Miskowski,
Plaintiff–Appellant,

v.

Garfield W. HOOD;  Philip E.
Hoffman, Defendants–
Appellees.

No. 02–2302.

United States Court of Appeals,
Sixth Circuit.

April 23, 2004.

Jami Naturalite, Marquette, MI, pro se.

James T. Farrell, Office of the Attorney General, Lansing, MI, for Defendant–Appellee.

Before BOGGS, Chief Judge;  NELSON and SUTTON, Circuit Judges.

### ORDER

Jami Naturalite, also known as Daniel James Miskowski, a Michigan prisoner proceeding pro se, appeals a district court

judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Naturalite is currently an inmate at the Marquette Branch Prison. At the time the complaint was filed, he was incarcerated at the Chippewa Correctional Facility. He alleged that Michigan Twelfth Circuit Court Chief Judge Garfield W. Hood prevented him from assisting other prisoners with their legal work, reported him to the State Bar of Michigan for the unauthorized practice of law, and initiated a frivolous state police investigation into his activities at the prison, which resulted in his placement in administrative segregation. He further alleged that defendant Michigan State Senator Philip E. Hoffman prevented him from corresponding with Hoffman. Naturalite alleged violations of the First and Fourteenth Amendments to the United States Constitution. He sued the defendants in their individual and official capacities and sought equitable relief.

The matter was referred to a magistrate judge for initial screening pursuant to 28 U.S.C. § 1915A(a). In a report and recommendation filed August 10, 2000, the magistrate judge recommended that Naturalite's complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted. However, on October 13, 2000, the magistrate judge vacated the previous report and recommendation and ordered that the complaint be served on the defendants.

The defendants filed a motion to dismiss. The magistrate judge recommended that the motion to dismiss be denied, and the district court approved and adopted the recommendation. The court also ordered Naturalite to file an amended complaint that would provide specific factual allegations to support his legal theories and clearly state the legal theories upon which Naturalite based his complaint. Naturalite filed an amended complaint on July 10, 2001.

Thereafter, the case was tried to the court on July 22, 2002. In a memorandum filed July 31, 2002, the district court entered judgment for the defendants and dismissed the complaint. Naturalite's motion to alter or amend the judgment was denied. This appeal followed.

Naturalite's brief on appeal raises issues of the sufficiency of the evidence, the appointment of counsel, and the right to a jury trial.

We review a district court's findings of fact under Fed.R.Civ.P. 52(a) only for clear error. *See* Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Pullman–Standard v. Swint*, 456 U.S. 273, 287, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). A district court's determination of a question of law is reviewed de novo. *See Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 308 (6th Cir.1988).

■ Upon review, we conclude that without a transcript or an agreed statement of the case, it is impossible for this court meaningfully to review the evidence offered by Naturalite in his case-in-chief upon which the district court based its judgment in favor of the defendants. *See Hawley v. City of Cleveland*, 24 F.3d 814, 821 (6th Cir.1994); *King v. Carmichael*, 268 F.2d 305, 306 (6th Cir.1959). Indeed, "[b]ecause the record on appeal in this case does not allow for an objective evaluation of the actual evidence presented at trial," the district court's findings of fact are presumed to be true. *Hawley*, 24 F.3d at 822. Assuming the district court's find-

ings of fact to be true, the district court's conclusions that Naturalite failed to establish a retaliation claim, *see Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999), and a First Amendment claim, *see Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999), were not erroneous.

■ We also conclude that the district court did not err by failing to appoint counsel to represent Naturalite in the proceedings below. *See Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir.1996); *Lavado v. Keohane,* 992 F.2d 601, 604–05 (6th Cir. 1993); *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir.1987). The district court reviewed Naturalite's motion for counsel and considered the complexity of the issues presented in the case as well as Naturalite's apparent ability to represent himself. Naturalite demonstrated his ability to handle the case in a pro se capacity by surviving the defendants' motion to dismiss, and the case proceeded to trial on two, non-complex issues.

■ Finally, the trial of this matter to the court rather than a jury was not error. Naturalite sought only equitable relief. As such, he was not entitled to trial by jury. *See Golden v. Kelsey–Hayes Co.,* 73 F.3d 648, 659 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.