UNITED STATES of America,
Appellee,

v.

Carl Dean KNOX, Appellant.

No. 20681.

United States Court of Appeals,
Eighth Circuit.

Feb. 29, 1972.

Rehearing Denied March 21, 1972.

Philip R. Newmark, St. Louis, Mo., David H. Goldenhersh, Goldenhersh & Goldenhersh, East St. Louis, Ill., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., Daniel Bartlett, Jr., U. S. Atty., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Carl Dean Knox was charged in separate indictments with having robbed a St. Louis bank and having attempted a second robbery of the same bank. The offenses alleged constitute separate violations of 18 U.S.C. § 2113(a). The charges were consolidated for trial, pursuant to Rule 8(a), F.R.Cr.P., 18 U.S.C., and over the objection of defense counsel. A jury found Knox not guilty of the initial robbery and guilty of the subsequent attempted robbery. Knox has appealed from the judgment of conviction.

Apparently, the court reporter's trial tapes or notes were lost after trial and prior to transcription, rendering unavailable a transcript of the district court proceedings. This court entered an order, pursuant to Rule 10(c), F.R.App.P., 28 U.S.C., directing the parties to prepare an agreed narrative record. A proposed substitute record was submitted by defense counsel to the Assistant United States Attorney, and several alterations suggested by the prosecutor were incorporated by the district court before certification of the record to this court. Knox appealed to this court for leave to amend the certified record. The matter was remanded for a hearing in the district court, but, after that hearing, the district court denied the motion.

The appeal is before us now on its merits. Appellant alleges that he was denied a fair trial because joinder of the charges against him resulted in prejudicial confusion of the jury and that he has been denied a fair appeal because of the unavailability of a trial transcript.

Because of the peculiar facts of this case, we find merit in appellant's second contention. An actual transcript would be essential to proper review by this court of the proceedings which culminated in the conviction here challenged. Such a transcript is not available; therefore, we believe that in the interests of justice the cause should be remanded to the district court for another trial.

Our decision renders consideration of appellant's misjoinder argument unnecessary.

The judgment of conviction is vacated and the cause is remanded.