**Robert H. HERNDON,**
**Plaintiff-Appellant,**

v.

**The CITY OF MASSILLON et al.,**
**Defendants-Appellees.**

**No. 79–3458.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 19, 1980.

Decided Jan. 26, 1981.

Rehearing Denied Feb. 27, 1981.

964

Robert H. Herndon, pro se.

Michael F. Vaccaro, Massillon, Ohio, Gene Barnhart, Randolph L. Snow, Black, McCuskey, Sauers & Arbaugh, Dale T. Evans, Asst. Prosecuting Atty., Canton, Ohio, Lawrence J. Whitney, Akron, Ohio, Sanders J. Mestel, Canton, Ohio, for different defendants-appellees.

Before JONES, Circuit Judge, PECK, Senior Circuit Judge, and NIXON *, District Judge.

PER CURIAM.

Plaintiff Robert H. Herndon brought an action under 42 U.S.C. § 1983, alleging that defendants, acting under color of state law, knowingly submitted false information to the Common Pleas Court of Stark County, Ohio, for the purpose of obtaining a search warrant of Herndon's place of business. After a verdict was directed in favor of two of the defendants, the case against defendant Bruce A. Wilson was submitted to a jury.

During the course of deliberations, the jury asked the court to repeat its instructions to the jury. The court reporter was apparently unable to reproduce the original instructions, at least at that time. Therefore, with the consent of the parties, or at least without objection of either party, the district judge gave the jury new instructions. Unknown to both the court and the parties, this second set of instructions was not recorded by the court reporter.

Herndon filed a notice of appeal with this Court, but did not avail himself of Fed.R. App.Pro. 10(c), whereby he might have prepared and submitted a statement of the unrecorded proceedings to the district court for settlement and inclusion in the record on appeal. The district court, noting that the plaintiff had failed to act under Rule 10(c), prepared a statement of the charges given to the jury the second time, based on the judge's recollection. This statement was then certified to this Court.

* Honorable John T. Nixon, United States District Court for the Middle District of Tennessee, sitting by designation.

On appeal, Herndon makes two assignments of error, each directed at the state of the record concerning the second jury instruction. He alleges no specific error in the instructions as they were given to the jury, either initially or upon the jury's request for a repetition of the instructions. Herndon's first argument is that his right to appeal is made illusory where there is no record sufficient to permit an examination for error. He concludes that the absence of a record so insulates errors that a new trial is required to insure the proper administration of justice.

 In *Illinois Central Railroad Co. v. Riley*, 392 F.2d 787 (6th Cir. 1968), this Court addressed the question of the proper relief where a trial court's jury instructions were unrecorded. In that case, plaintiffs failed to submit a statement reconstructing the unrecorded instructions, as they were permitted to do under Fed.R.Civ.Pro. 75(c), the predecessor to Fed.R.App.Pro. 10(c). We affirmed the judgment against those plaintiffs, holding that their failure to avail themselves of the procedure designed to reconstruct unrecorded proceedings left them with no objection based on the missing record. This general proposition has been affirmed by other Circuit Courts. *E. g., United States v. Mills*, 597 F.2d 693 (9th Cir. 1979); *Stout v. Jefferson County Bd. of Educ.*, 489 F.2d 97 (5th Cir. 1974); *Hydra-motive Manufacturing Corp. v. SEC*, 355 F.2d 179 (10th Cir. 1966); *Murphy v. St. Paul Fire & Marine Insurance Co.*, 314 F.2d 30 (5th Cir.), *cert. denied*, 375 U.S. 906, 84 S.Ct. 197, 11 L.Ed.2d 146 (1963). The clear lesson of these cases is that a party may not seek a new trial simply because matters occurring in the district court are not reflected in the transcript. Rather, that party must at least attempt to cure the defect by reconstructing the record as provided by Fed.R.App.Pro. 10(c). In certain cases this effort may unavoidably fall short of the precision necessary for a record amenable to review, and a new trial may be necessary. *E. g., United States v. Knox*, 456 F.2d 1024 (8th Cir. 1972). However, a new trial is not appropriate where the lack of a record is the only error charged and where the appellant made no effort to reconstruct the missing record nor to give any cause for that failing. Accordingly, Herndon's first assignment of error must fail.

Herndon's second argument is that it was error for the district court to certify its version of the unrecorded proceedings to this Court. Herndon argues that this version of the instructions serves only to further prejudice his rights on appeal by substituting a carefully considered set of instructions, created expressly for review on appeal, for the instructions as they were actually given.

Whether the district judge's recollection of the unrecorded jury instructions could be properly considered on appeal in the absence of any Rule 10(c) statement of proceedings by Herndon is an issue that we need not reach. That question has no relevance to our conclusion that the fact that the jury instructions were not recorded does not in and of itself constitute reversible error. Furthermore, Herndon has not alleged any error, or indeed insufficiency of any kind, in the instructions given to the jury. Therefore, we have no occasion to consider the trial judge's reconstruction of the second jury instruction.

For the reasons set forth above, the judgment of the district court is affirmed.