816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald K. CADARETTE, Defendant-Appellant.
 No. 86-1230.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Following trial to a jury, defendant was found guilty of making a false statement when purchasing a firearm, and of possession of a firearm by a felon.
 
 
 2
 On appeal, defendant contends that he is "entitled to a new trial, as a matter of right" because, through no fault of the parties, the court reporter was unable to transcribe portions of the record, and he is not represented on appeal by the same attorney who represented him at trial. The portions of the transcript missing are defendant's closing argument, the government's rebuttal closing argument, and the jury instructions.
 
 
 3
 This court has refused to adopt the "per se" rule urged by defendant, that a violation of the Court Reporter Act (28 U.S.C. Sec. 753), which mandates verbatim recording of court proceedings, requires reversal in every instance. Instead, we have held that the appealing defendant must first make a reasonable effort to cure the defect by reconstructing the missing portions of the transcript, as provided in Fed. R. App. P. 10, and, if unsuccessful, indicate the nature of the error he claims occurred and demonstrate that, due to the defect, he is prejudiced in his attempt to exemplify the claimed error. United States v. Gallo, 763 F.2d 1504, 153032 (6th Cir. 1985), cert. denied, --U.S. ---, 106 S.Ct. 1200 (1986); Herndon v. City of Massillon, 638 F.2d 963, 965 (6th Cir. 1981).
 
 
 4
 Here, the record negates any serious attempt by defendant to exhaust the means available to reconstruct the missing portions of the transcript. In fact, it is clear, from the government's submissions, that the jury instructions easily could be reconstructed. Defendant has made no suggestion of how he might have been prejudiced by the absence of the missing portions of the transcript. Indeed, an affidavit from defendant's trial counsel indicates that he made no objections on defendant's behalf to either the jury instructions or final arguments.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.