816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rolando REYNOLDO-ARANGO, Defendant-Appellant.
 No. 84-1829.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1987.
 
 Before KENNEDY, RYAN, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals his convictions, following a jury trial, of charges of cocaine distribution and possession.
 
 
 2
 First, defendant contends that he is entitled to reversal of his conviction and a new trial, since a transcript of a portion of trial testimony could not be produced, due to the loss of the court reporter's notes. What is missing, is the transcript of the testimony of a government witness, upon cross-examination by counsel for defendant's co-defendant. In essence, it is defendant's view that the missing transcript precludes his being able to effectively appeal his convictions, especially in view of his being represented on appeal by an attorney other than his trial counsel, with the consequence that he is entitled to a new trial as a matter of right.
 
 
 3
 This court has refused to adopt the "per se" rule urged by defendant, that a violation of the Court Reporter Act (28 U.S.C. Sec. 753), which mandates verbatim recording of court proceedings, requires reversal in every instance. Instead, we have held that the appealing defendant must first make a reasonable effort to cure the defect by reconstructing the missing portions of the transcript, as provided in Fed. R. App. P. 10, and, if unsuccessful, indicate the nature of the error which he claims occurred and demonstrate that, due to the defect, he is prejudiced in his attempt to exemplify the claimed error. United States v. Gallo, 763 F.2d 1504, 153032 (6th Cir. 1985), cert. denied, --U.S. ---, 106 S.Ct. 1200 (1986); Herndon v. City of Massillon, 638 F.2d 963, 965 (6th Cir. 1981).
 
 
 4
 Here, there was no effort to reconstruct the missing portion of the trial transcript as provided by Fed. R. App. P. 10. Instead, counsel submitted, as attachments to his motion for new trial filed in this court, copies of correspondence with trial counsel for defendant and his codefendant, indicating that they could not assist in reconstructing the record. Nor has defendant suggested the nature of any error, prejudicial to his cause at trial, which might have been committed by counsel for his co-defendant, in the cross-examination of this witness. Accordingly, there has been no demonstration that the missing transcript works to his detriment upon appeal.
 
 
 5
 Defendant next argues that, when the government presented a "newly discovered surprise witness," the trial court committed reversible error by not allowing defense counsel reasonable time "to inspect police records, pre-sentence investigation reports, psychiatric records and other relevant information which may be used to impeach" the witness' testimony.
 
 
 6
 Defendant's trial counsel first learned of the government's intention to use the "surprise witness" on the day before his testimony was proffered; the name of the witness was revealed only after the court accepted the government's proffer and permitted the witness to be called. The government advised the district judge that the witness had become available on the previous day and that defense counsel had been provided with a "rap sheet" and assured the trial court that the government had no other information to provide. Defense counsel examined the information and complained that it was insufficient to ground a proper cross-examination. He advised the court that he had information that the witness was mentally retarded, and sought "an opportunity to check the files at Recorder's Court to see if there have been any psychiatric evaluations of him at Recorder's Court." The court declined to grant a continuance.
 
 
 7
 Under the circumstances of this case, if defendant is to show an abuse of discretion by the trial court in denying a continuance, he must at least demonstrate that he was prejudiced at trial by his inability to develop information which would have enabled him to effectively impeach the credibility of the government's witness. Although the trial was concluded many months ago, there has since been no suggestion made to either the trial court, or to this court, that a search of the Recorder's Court would have produced evidence of the witness' mental condition. Nor has there been brought to our attention the existence of any other information which a continuance might have allowed defense counsel to produce. In the absence of any demonstration of prejudice, we are unable to say that the trial court abused its discretion in denying a continuance.
 
 
 8
 The judgments of conviction are affirmed.