85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KINDER CAPITAL, INC., Plaintiff-Appellee.
v.
UNITY COMMUNITY, a corporation, Defendant,
Garnell H. McAfee, Sr., an individual, jointly and
severally, Defendant-Appellant.
 No. 95-1542.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1996.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges; McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Garnell H. McAfee, Sr., a Michigan citizen proceeding pro se, appeals a judgment on a jury verdict finding him liable for misrepresentation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Kinder Capital, Inc., a Delaware corporation, sued McAfee and Unity Community, a Michigan ecclesiastical corporation, for breach of contract, fraud, misrepresentation, and conversion. Kinder Capital alleged that the defendants failed to purchase a promised letter of credit for Kinder Capital after it wired $1,867,500 into Unity Community's bank account. The conversion claim was dropped before trial. At trial, the jury found McAfee liable for misrepresentation and Unity Community liable for misrepresentation and breach of contract. Although defendants jointly filed a notice of appeal, the appeal is recognized only as to McAfee because a pro se individual cannot represent a corporation. See Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir.1984). In his timely appeal, McAfee essentially argues that the court instructed the jury erroneously and that the verdict was against the weight of the evidence. He also raises various nonsensical issues which will not be addressed.
 
 
 4
 Upon review, we conclude that McAfee cannot challenge the jury instructions on appeal because he has not provided this court with a copy of the transcript or a statement reconstructing the jury instructions. Absent a transcript or a reconstructed version, an appellant waives his objections to jury instructions. See Hawley v. City of Cleveland, 24 F.3d 814, 821 (6th Cir.1994); Herndon v. City of Massillon, 638 F.2d 963, 965 (6th Cir.1981). Additionally, the Special Jury Verdict Form contradicts McAfee's allegations that the judge instructed the jury to find McAfee "guilty" and that the jury had to find him guilty "by degrees or percentages." Although the jury found McAfee liable for misrepresentation, it did not find him liable for fraud.
 
 
 5
 McAfee is also precluded from pursuing the issue as to the weight of the evidence. Again, McAfee did not provide this court with a copy of the transcript of the proceedings or a statement of the evidence in narrative form. In the absence of a transcript or narrative, the weight of evidence cannot be examined on appeal. See Hawley, 24 F.3d at 821; King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959), cert. denied, 361 U.S. 968 (1960). Additionally, McAfee failed to move for a new trial in the district court. The district court cannot be faulted for failing to grant a new trial on weight-of-the-evidence grounds if it was not asked to do so.
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation