# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2037

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Lewis William Kelly, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 1998

Filed:  February 1, 1999

_____

Before MCMILLIAN, FLOYD R.  GIBSON and HANSEN, Circuit Judges.

_____

FLOYD R.  GIBSON, Circuit Judge.

Lewis William Kelly pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1994), and one count of using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (1994).  Kelly appeals his sentence and contends that he is entitled to have his guilty plea set aside because the transcript of the

hearing in which he pleaded guilty is unavailable to his appellate counsel. We affirm the district court's[1] judgment and order.

## I. BACKGROUND

On October 29, 1997, Kelly, pursuant to a written Plea Agreement, pleaded guilty to counts one and four of a five-count Superseding Indictment.[2] On that same day, a hearing was held in the district court. During the hearing, the district court accepted Kelly's guilty pleas and ordered a Presentence Investigation Report (PIR). See Criminal Minutes - Change of Plea, Appellant's Separate App. at 44. The hearing was attended by Judge Wright, Kelly, Kelly's counsel, counsel for the government, a parole officer, and a court reporter. See Criminal Docket Sheet, Appellant's Separate App. at 6, and Criminal Minutes - Change of Plea, Appellant's Separate App. at 44. On February 20, 1998, the district court sentenced Kelly to a total of 180 months[3] incarceration with five years supervised release and imposed a $3000.00 fine. See Tr. of Sentencing Proceeding at 8.

---

[1]The HONORABLE SCOTT O. WRIGHT, United States District Judge for the Western District of Missouri.

[2]The grand jury returned the Superseding Indictment on September 4, 1997. The Indictment charged Kelly with one count of possession with intent to distribute methamphetamine, two counts of distribution of methamphetamine, one count of using a firearm in relation to a drug trafficking offense, and one count of possession of marijuana with intent to distribute.

[3]Kelly was sentenced to 120 months on the methamphetamine possession charge and 60 months on the firearm charge, sentences to run consecutively.

On December 8, 1997, a fire in the United States District Court Clerk's Office in Jefferson City, Missouri, destroyed the tape recording and court notes of Kelly's October 29 plea hearing. As the tape recording had not yet been transcribed, the fire destroyed the only verbatim record of the hearing.

Kelly appealed his sentence and retained new appellate counsel in April of 1998. When Kelly's counsel requested a transcript of the hearing, the Clerk's Office informed her that the transcript she sought was unavailable due to the fire. Kelly argues that the lack of the transcript renders his counsel unable to determine what, if any, errors were made at the district court level. Therefore, Kelly contends that the appropriate relief is to allow him to withdraw his guilty plea. Kelly maintains that he did not understand the range of punishments and, thus, did not knowingly and voluntarily plead guilty. Because we find that Kelly was not prejudiced by the inadequate record, we affirm the district court.

## II.    DISCUSSION

Initially, we note that the Court Reporters Act has been undeniably violated in this case. See 28 U.S.C. § 753(b) (1994). Section 753(b) of the Act requires that "all proceedings in criminal cases had in open court . . . shall be recorded verbatim . . . [and] preserve[d] . . . in the public records of the court for not less than ten years." However, Congress did not provide a remedy for violations of the Act. Rule 10(c) of the Federal Rules of Appellate Procedure addresses the issue of unavailable transcripts. Rule 10(c) provides that an "appellant may prepare a statement of the evidence or proceedings from the best available means" when a transcript is unavailable or non-

existent. In his attempt to prepare a statement of the evidence, Kelly claims that no one present at the hearing can recall verbatim what actually transpired.[4] Kelly argues that the violation of the Court Reporters Act and the participants' inability to reconstruct the hearing verbatim require reversal of the district court's judgment and sentence and remand to the district court in which Kelly may alter his previous plea. We disagree.

The Eighth Circuit has never specifically addressed the consequences of violating the Court Reporters Act. However, a majority of courts which have faced similar factual circumstances have held that mere non-compliance with the Act does not constitute automatic grounds for reversal. See United States v. Brand, 80 F.3d 560, 563 (1st Cir. 1996) ("nothing prescribes automatic reversal of a defendant's convictions for non-compliance [with §753(b)]"); United States v. Winstead, 74 F.3d 1313, 1321 (D.C. Cir. 1996) (burdens and benefits of reversing convictions due to incomplete transcript weighed on a case-by-case basis); United States v. Wilson, 16 F.3d 1027, 1031 (9th Cir. 1994) (noting that defendant must demonstrate "specific prejudice" from inadequate transcript to warrant reversal). But see United States v. Selva, 559 F.2d 1303, 1306 (5th Cir. 1977) ("When . . . a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal.")(internal footnote omitted). With the exception of the Fifth Circuit, every Court of Appeals that has addressed the issue of incomplete or unavailable transcripts has required that the appellant show that the Act's violation specifically prejudiced their ability to perfect an appeal. See, e.g., United States v.

---

[4]Pertinent portions of the record on appeal consist of the written Plea Agreement, signed by Kelly, and the transcript of the Sentencing Proceeding.

Sierra, 981 F.2d 123, 125 (4th Cir. 1992); United States v. Gallo, 763 F.2d 1504, 1530 (6th Cir. 1985). We find persuasive the reasoning adopted by the majority of the Courts of Appeals that some showing of prejudice is required before non-compliance with the Court Reporters Act necessitates reversal of a defendant's conviction.[5]

Kelly has failed to allege, let alone demonstrate, that his ability to perfect an appeal was prejudiced by the lack of the guilty plea transcript. He has not alleged that the court erred in its acceptance of his guilty plea. In fact, every indication made available to this Court by Kelly and the government support the presumption that the guilty plea was advanced by Kelly and accepted by the court in a routine manner.[6]

Kelly also claims that, were a transcript of the guilty plea hearing available, he would be able to present evidence on appeal that his plea was not knowing or voluntary. We find this contention to be without merit. The items available for review upon appeal indicate that Kelly made a knowing and voluntary decision to plead guilty to two counts of a five-count indictment in exchange for the government's agreement

---

[5]Kelly cites in his brief this Court's per curiam decision in United States v. Knox, 456 F.2d 1024 (8th Cir. 1972), as support for the proposition that lack of a transcript requires reversal. In Knox, the entire transcript of district court proceedings were unavailable, and the Court noted, with no further discussion, that the "peculiar facts of this case . . . [made] [a]n actual transcript . . . essential to proper review." Id. at 1025. In that case, Knox asserted on appeal that his consolidated trial on two unrelated offenses had resulted in prejudicial confusion of the jury. We see no inconsistency between the holding in Knox and our decision today, especially in light of our restriction of Knox to its "peculiar facts." Id.

[6]Neither Judge Wright, Kelly's trial counsel, the United States attorney, nor the parole officer present in the courtroom remembered any untoward occurrences during the guilty plea hearing.

to drop the remaining three counts.  <u>See</u> Plea Agreement, <u>Appellant's Separate App</u>. at 13.   The written Plea Agreement, signed by Kelly, also states that:

> The Defendant acknowledges that he has read the entire Plea Agreement, discussed it with counsel, and understands each and every provision and agreement.  He further acknowledges that this agreement was freely and voluntarily entered into, without coercion, and with the benefit of counsel, with whose performance and advice he is pleased.

<u>Id.</u> at 19.   Kelly, in his objections to the PIR, asserted that he was entitled to a downward adjustment in his sentence for acceptance of responsibility.[7]  Kelly's attempt to reduce his sentence through his own acceptance of responsibility is inconsistent with his attempt to claim now that he did not knowingly or voluntarily plead guilty.

We reject Kelly's contention  that he is entitled to retract his guilty plea simply because a fire destroyed the only verbatim record of the hearing.  Despite the lack of this transcript, Kelly has failed to demonstrate any specific prejudice to his ability to perfect an appeal which would justify allowing him to alter his plea.

## III.   CONCLUSION

For the reasons set forth in this opinion, we affirm the judgment of the district court.

---

[7]The district court granted Kelly a one-month downward adjustment for acceptance of responsibility.  <u>See</u> Tr. of Sentencing Proceeding (Feb.  20, 1998) at 6.

A true copy.

Attest.

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT