**Jack FOGLE, Plaintiff–Appellant,**

v.

**ROADWAY EXPRESS, INC.;
Teamsters Union Local 100,
Defendants–Appellees.**

**No. 00–3773.**

United States Court of Appeals,
Sixth Circuit.

April 30, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

*ORDER*

Jack Fogle, a pro se Ohio resident, appeals a district court judgment dismissing a hybrid action in which he asserted claims for breach of a collective bargaining agreement by a former employer and breach of a union's duty of fair representation, among other things,. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After completion of Fogle's case-in-chief, the district court directed a verdict in favor of the defendants on all issues except Fogle's allegation that his former employer, Roadway Express, had breached its collective bargaining agreement in dis-

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

**268**

charging him and that his union, Teamsters Local 100, had breached its duty of fair representation regarding the discharge. After nine hours of deliberation, the jury found in favor of Roadway and the union. The district court entered judgment in accordance with the jury's verdict, and a timely appeal followed.

Fogle's appellate brief is construed as arguing that the defendants were improperly allowed to examine his past employment history and personal life, that the district court erred in entering judgment on the jury's verdict; that several of the district court's evidentiary rulings were erroneous; that the jury was improperly impaneled, and that the jury's verdict is not supported by the evidence

The district court's judgment must be affirmed because Fogle has not provided the trial transcript necessary to review his claims on appeal. Generally, it is a plaintiff's duty to order the transcript when it is necessary for review of issues he intends to raise on appeal. See Fed. R.App. P. 10(b).

Fogle has not moved this court for a transcript, and apparently did not submit a transcript order form to the court reporter or make financial arrangements to pay for the transcript as required by Fed. R App. P. 10(b)(4). Without a transcript, this court cannot evaluate the propriety of the challenged district court rulings. Thus, Fogle has waived review of his claims. See Fed. R.App. P. 10(b), *Hawley v. City of Cleveland*, 24 F.3d 814, 821 (6th Cir. 1994); *Herndon v. City of Massillon*, 638 F.2d 963, 965 (6th Cir.1981)

Accordingly, we affirm the district court's judgment, Rule 34(j)(2)(C), Rules of the Sixth Circuit.