**Jhanaill WILLIAMS, Plaintiff–Appellee,**

v.

**John L. KAYSER, Defendant–Appellee.**

No. 00–3535.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit

Judges; GWIN, District Judge.*

## ORDER

Jhanaill R. Williams, an Ohio prisoner proceeding pro se, moves for counsel on appeal from a district court judgment entered upon a jury's verdict in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The events giving rise to this lawsuit occurred while Williams was an inmate at the Southern Ohio Correctional Facility ("SOCF"). The defendant in this matter is John L. Kayser, a corrections officer at SOCF. In his complaint, Williams alleges that on February 22, 1996, defendant Kayser used excessive force against him in violation of his Eighth Amendment rights and retaliated against him in violation of his First and Fourteenth Amendment rights. Williams filed an amended complaint against several other defendants, but later moved for and was granted a dismissal of these defendants in an order filed September 22, 1997. The only defendant remaining in this action is defendant Kayser. Williams sought declaratory, injunctive, and monetary relief.

In an order and report and recommendation filed May 19, 1998, Magistrate Judge Timothy S. Hogan recommended that summary judgment against Williams on his Eighth Amendment claim be denied but granted for defendant Kayser on Williams's retaliation claim. The district court adopted Magistrate Judge Hogan's report and recommendation in an order filed August 10, 1998, after noting that

neither party had objected to the report and recommendation. Ultimately, the case on the excessive force claim proceeded to a jury trial before Magistrate Judge Hogan. The jury returned a verdict in favor of defendant Kayser and judgment was entered accordingly. This appeal followed. On appeal, Williams essentially contends that: 1) the magistrate judge improperly ruled that the Use of Force Committee report was inadmissible; 2) the magistrate judge improperly allowed testimony regarding some of Williams's disciplinary records; 3) the magistrate judge improperly allowed hearsay testimony about Williams's past conduct; and 4) his counsel was ineffective before and during the trial.

■· Upon review, we affirm the district court's judgment because William has not provided the trial transcript necessary to a review of his claims. Generally, it is plaintiff's duty to order the transcript when it is necessary for review of the issues he intends to raise on appeal. *See* Fed. R.App. P. 10(b). On the transcript order form he filed with this court, Williams checked the box which indicated that a transcript was "unnecessary for appeal purposes." Thus, the decision to forego transcription of the trial in this case was deliberate on Williams's part. Plaintiff has not renewed his motion for a transcript before this court, and has cited nothing that would entitle him to a free transcript in any event. Without a transcript, this court cannot evaluate the propriety of the challenged district court rulings. Under these circumstances, Williams has waived review of claims one, two, and three by his failure to provide the transcript. *See* Fed. R.App. P. 10(b); *Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *Herndon v.*

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

*City of Massillon,* 638 F.2d 963, 965 (6th Cir.1981); *King v. Carmichael,* 268 F.2d 305, 306 (6th Cir.1959).

Finally, insofar as Williams argues that he received ineffective assistance of counsel before and during the trial, the claim lacks merit. It is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case. *See, e.g., Friedman v. Arizona,* 912 F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir. 1988). Thus, litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel. *See Friedman,* 912 F.2d at 333. Instead, the appropriate remedy is a malpractice action against the attorney. *See Glick,* 855 F.2d at 541.

Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.