**Arthur JOHNSON, Jr., Plaintiff–Appellant,**

v.

**James FREEBURN, et al., Defendants–Appellees.**

No. 01–2168.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before SUHRHEINRICH and GILMAN, Circuit Judges; HOOD, District Judge.*

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Arthur Johnson, Jr., appeals a district court judgment upon a jury's verdict for defendant Freeburn in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiff filed his complaint in the district court alleging, inter alia, that defendant Freeburn and others retaliated against him in 1995 after plaintiff exercised his First Amendment rights. The district court dismissed plaintiff's complaint with respect to the named defendants except defendant Freeburn, and the case proceeded to a jury trial in July 2001. The jury returned a verdict in favor of the defendant, and a judgment was entered accordingly. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff generally asserts that egregious errors occurred during voir dire and at trial. Defendants respond that plaintiff's claims on appeal cannot be reviewed without a trial transcript and are otherwise without merit. Upon consideration, we affirm the judgment because plaintiff has not provided the trial transcript necessary to a review of plaintiff's claims on appeal.

Plaintiff's claims on appeal relate to rulings that cannot be reviewed without a trial transcript. Generally, it is plaintiff's duty to order the transcript when it is necessary for review of the issues he intends to raise on appeal. *See* Fed. R.App. P. 10(b). Without a transcript, this court cannot evaluate the merits of plaintiff's claims, and plaintiff has waived review of his claims by his failure to provide the transcript. *See* Fed. R.App. P. 10(b);

*Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *Herndon v. City of Massillon,* 638 F.2d 963, 965 (6th Cir. 1981); *King v. Carmichael,* 268 F.2d 305, 306 (6th Cir.1959). Under these circumstances, the district court's judgment must be affirmed.

For the forgoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.