**Roger Lee BROWER, Plaintiff–Appellant,**

v.

**Jerry WORKS; Thomas Bell; Paul Klee; Karl Wright, Defendants–Appellees.**

**Candy FOSTER, Plaintiff–Appellant,**

v.

**ANR PIPELINE COMPANY, Defendant–Appellee.**

No. 01–2638, 01–2724.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2002.

Before: SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

Roger Lee Brower, a Michigan state prisoner, appeals pro se the summary judgment for defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brower filed this action against prison officials, contending that he was being denied his First Amendment right to practice his religion. Specifically, Brower complained that the time designated for Catholics to use the prison chapel had been cut back from one hour and twenty minutes twice per week to fifty-five minutes twice per week. While previously the allotted time had allowed for both a Mass and the sacrament of confession, the new schedule was only long enough for a Mass. Brower had grieved this matter internally, resulting in defendants' arranging for the priest to conduct confession in the visiting area during non-visiting hours. Brower complained that this might require the priest to make an extra trip to the prison, which he might not be willing to do. The matter was referred to a magistrate judge, who recommended that defendants be granted

summary judgment. The district court rejected Brower's objections and adopted the magistrate judge's report. On appeal, Brower argues that summary judgment was inappropriate because a material issue of fact exists regarding whether the priest would be able to conduct confession immediately before or after the scheduled Mass time.

Review of the record in this case shows that the summary judgment for defendants was proper, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Claims of a violation of the First Amendment right to practice religion in a prison setting are reviewed to determine whether the restriction of such rights is related to a legitimate penological objective, whether the prisoner retains alternate means of exercising his religion, the impact of allowing the practice of religion on others and the allocation of prison resources, and the existence of ready alternatives which would permit the exercise of religion. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 350–53, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Whitney v. Brown,* 882 F.2d 1068, 1072 (6th Cir.1989); *Pollock v. Marshall,* 845 F.2d 656, 658 (6th Cir. 1988). In this case, the restriction of chapel time was justified by defendants to regulate the movement of prisoners between the cell blocks and the chapel and to allow equal time to the various religious groups, both legitimate objectives. Brower retained alternate means of exercising his religion, including two weekly periods in the chapel for Mass and Bible study; the chapel time was allocated fairly between the various religious groups; and, most importantly, defendants provided a ready alternative to allow Brower to receive confession in the visiting area during non-visiting hours. It is therefore apparent that defendants were entitled to summary judgment.

Brower's argument that the priest might be required to make additional trips to the prison to conduct confessions is insufficient to preclude summary judgment. Conclusory allegations generally do not suffice to withstand a motion for summary judgment. *Cincinnati Bell Tel. v. Allnet Comm. Servs., Inc.,* 17 F.3d 921, 923–24 (6th Cir.1994). Brower failed to present any evidence that the priest actually had a problem with defendants' proposed solution to Brower's complaint. Although Brower surmised that the new system would make it more difficult for him to receive confession, he did not show that he had actually been deprived of his ability to participate in confession. A threatened deprivation of a right is insufficient to allege a constitutional violation. *Macko v. Byron,* 760 F.2d 95, 97 (6th Cir.1985).

In light of the absence of any evidence that Brower had actually been deprived of his right to practice his religion, the summary judgment for defendants must be and is hereby affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Candy Foster, a pro se Michigan resident, appeals a district court judgment entering a jury verdict on behalf of ANR Pipeline Company in her civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Foster sued ANR alleging that she was subjected to a hostile work environment, sexual harassment, racial discrimination, and retaliation. Foster also claims that ANR violated the Equal Pay Act, 29 U.S.C. § 206d(1), and breached an implied contract. The case ultimately went to trial on Foster's hostile

work environment and sexual harassment claims. The jury found in favor of ANR.

In her timely appeal, Foster raises a plethora of issues regarding pretrial and trial rulings by the district court.

Initially, we note that to the extent that Foster challenges the district court's rulings and jury instructions during trial, the district court's judgment must be affirmed because Foster has not provided the trial transcript necessary to review her claims on appeal. It is a plaintiff's duty to order the transcript when it is necessary to review issues she intends to raise on appeal. *See* Fed. R.App. P. 10(b). Further, Foster did not proceed as a pauper in the district court and has paid the required filing fee in this court.

Foster does not appear to have filed a transcript or order form with the court reporter or made financial arrangements to pay for the transcript as required by Fed. R.App. P. 10(b). Further, Foster has cited nothing on appeal that would entitle her to a free transcript. Under these circumstances, Foster has simply failed to fulfill her necessary obligation of providing this court with a transcript.

Without a transcript, this court cannot evaluate the propriety of the challenged district court rulings. Thus, Foster has waived review of her claims as to all decisions conducted during trial. *See* Fed. R.App. P. 10(b); *Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *Herndon v. City of Massillon,* 638 F.2d 963, 965 (6th Cir.1981).

Foster's challenge to the district court's decision granting summary judgment to ANR on four of her allegations is reviewed *de novo. See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir. 1998).

Foster contends that the district court erred by granting summary judgment to ANR regarding her allegations of race discrimination, retaliation, breach of contract, and violation of the Equal Pay Act. Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate to the court through reference to pleadings and discovery responses the absence of a genuine issue of material fact. *Id.* The burden is on the non-moving party to show, through the use of evidentiary materials, the existence of a material fact which must be tried. *Id.* at 324, 106 S.Ct. 2548.

Foster contends that the district court did not state why it granted ANR's motion for summary judgment on these counts. The district court's order states that Foster provided no evidence supporting her racial discrimination, Equal Pay Act, and retaliation claims. As for the breach of contract claim, Foster never contested ANR's request for summary judgment on this count. Therefore, the district court did not commit reversible error in granting summary judgment to ANR as to these issues.

Foster disputes several discovery rulings regarding depositions and extensions of time for discovery. This court reviews a district court's decision concerning discovery matters for an abuse of discretion. *Sierra Club v. Slater,* 120 F.3d 623, 638–39 (6th Cir.1997). Foster objects to the fact that she could not depose ANR. The argument does not make sense as ANR is a corporation. Foster cannot depose a corporation. Further, she does not identify any particular officer or employee of ANR

for which she was denied the right to depose.

With regards to Foster's complaints that she was denied an extension of time to conduct discovery, the record establishes that Foster was allowed nearly six months to conduct discovery. Although Foster states that some of her documents that were necessary to conduct discovery were destroyed by a flood, the record reveals that the alleged destruction occurred in January 2001. The district court's discovery order was entered on January 30, 2001. Thus, the destruction of the documents in question occurred prior to the discovery schedule being entered. The district court, after conducting a hearing, noted that Foster had not attempted to prosecute her case with due diligence. Given that Foster had nearly six months to conduct discovery, the district court's refusal to grant an extension of time was not an abuse of discretion.

Finally, Foster contends that the district court's discovery rulings establish bias. However, a review of the record establishes that the district judge and the magistrate judge were not biased against Foster. Foster had more than sufficient time to conduct discovery and failed to do so.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.