**Edward JOHNSON, Plaintiff–Appellant,**

v.

**HENSLEY, Supervisor; Hall, 3rd Shift S.C.O., Defendants–Appellees.**

No. 02–6041.

United States Court of Appeals, Sixth Circuit.

March 27, 2003.

Before NORRIS and BATCHELDER, Circuit Judges; and BARZILAY, Judge.*

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by

### ORDER

This pro se Tennessee state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment and injunctive relief, Edward Johnson sued the Corrections Corporation of America and several prison officials at a private Tennessee prison for violating his civil rights. The district court sua sponte dismissed all claims save one: whether defendants David Hensley and Stacy Hall inflicted cruel and unusual punishment on Johnson by shoving him into a wall and stepping on his hand on May 29, 1999. The case was tried before a jury on July 26, 2002, and the trial resulted in a verdict for defendants Hensley and Hall. Judgment was entered on August 1, 2002.

In his timely appeal, Johnson contends that the trial judge erred in denying his motion for summary judgment, and the Magistrate Judge erred in denying his motion to compel discovery. In addition, Johnson presents the following issues on appeal: 1) the verdict was against the weight of the evidence; 2) the trial judge's conduct and remarks to plaintiff were prejudicial and operated to deprive him of a fair trial; 3) the use of force was admitted by appellees and supported the need for a directed verdict; 4) the district court applied the wrong law; 5) the trial judge erred when he overruled the plaintiff's objections to a biased jury member; 6) plaintiff was prejudiced by the refusal of the court clerk to send subpoenas to appellant so that witnesses could be subpoenaed; 7) the trial judge erred in not allowing plaintiff to testify; 8) the trial judge improperly instructed the jury and erred in allowing defense counsel's improper arguments to the jury.

This court's review of an order denying summary judgment is governed by the abuse of discretion standard, *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994); however, if the denial is based on purely legal grounds, then review of the denial is de novo. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993).

The district court did not err under any standard of review. The record reveals that Johnson filed his motion for summary judgment a mere twenty-nine days before the scheduled trial date. Local Rule 7.2(d)(1) of the Local Rules of the Court for the Western District of Tennessee requires that motions for summary judgment must be filed at least forty-five days prior to trial. Thus, because Johnson failed to comply with the local rule, the district court did not err in denying the motion for summary judgment.

Similarly, the district court did not abuse its discretion in denying Johnson's motion to compel discovery. The scope of discovery is within the discretion of the trial court. Accordingly, the court reviews the denial of a motion to compel for an abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir.1993). The district court did not abuse its discretion because Johnson filed his motion to compel two years after the response to discovery had been submitted by the defendants. Moreover, Johnson did not include with his motion to compel discovery a certificate of consultation as required by Local Rule

designation.

7.2(a)(1)(B) of the Local Rules of the Court for the Western District of Tennessee.

Finally, Johnson's remaining enumerated issues on appeal are not supported by appropriate references to the record because he has not provided the trial transcript necessary to a review of his claims. Generally, it is plaintiff's duty to order the transcript when it is necessary for review of the issues he intends to raise on appeal. Fed. R.App. P. 10(b). Plaintiff has not moved for a transcript before this court, and has cited nothing that would entitle him to a free transcript in any event. Without a transcript, this court cannot evaluate the propriety of the challenged district court rulings. Under these circumstances, Johnson has waived review of claims one through eight, as set forth above, by his failure to provide the transcript. Fed. R.App. P. 10(b); *Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994); *Herndon v. City of Massillon,* 638 F.2d 963, 965 (6th Cir.1981); *King v. Carmichael,* 268 F.2d 305, 306 (6th Cir. 1959).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.