**Naser ALHASAN, Plaintiff–Appellant,**

v.

**PIZZA HUT OF AMERICA,
Defendant–Appellee.**

No. 02–6165.

United States Court of Appeals,
Sixth Circuit.

July 17, 2003.

Before DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

### ORDER

Naser Alhasan appeals pro se from a district court judgment that dismissed his employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. His appeal has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Alhasan alleged that his former employer had discriminated against him because of his religion and national origin. He primarily alleged that he was unfairly terminated because his store had failed a health inspection. The district court held a bench trial and entered a verdict in favor of Alhasan's former employer on August 29, 2002. It is from this judgment that he now appeals.

The district court assumed that Alhasan had made out a prima facie case. Thus,

the burden shifted to his employer to produce evidence which showed that its actions had been taken for legitimate non-discriminatory reasons. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If an employer provides a well-supported explanation, the burden of production shifts back to the plaintiff to show that the explanation was merely a pretext for discrimination. *Id.* at 256. While the burden of production may shift between the parties, Alhasan always bore the ultimate burden of persuading the court that his employer had intentionally discriminated against him. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

The district court summarized the defendant's reasons for terminating Alhasan as follows:

> The defendant offered evidence that the plaintiff was terminated for failing to assure that his personnel files were accurate and complete, despite two extensions to do so, and for failing to fax a copy of the health department inspection report to the regional office and to notify Rogers about the failed health inspection. (Trial Ex. H) In addition, the termination report notes that the same critical violations were found by the health inspection at both the initial inspection and the reinspection, that the store license was revoked for 24 hours due to the failure to correct these violations, and that Pizza Hut lost $3,000 in revenue as result of the store closure.

In ruling that these reasons were not pretextual, the district court found that Alhasan's speculative allegations of a discriminatory motive were insufficient and that he was not similarly situated to another manager who had failed an inspection. *See Clayton v. Meijer, Inc.,* 281 F.3d 605, 612 (6th Cir.2002); *Woythal v. Tex–Tenn Corp.,* 112 F.3d 243, 247 (6th Cir.1997).

Alhasan does not dispute the district court's legal analysis. Instead, he primarily argues that the court misconstrued his testimony and failed to consider all of the facts, that the defendant's witnesses gave perjured and conflicting testimony, and that their testimony was not supported with appropriate documentation. However, the sufficiency and/or weight of the evidence cannot be reviewed *de novo,* as Alhasan has not supplied this court with a transcript of his trial. *See Hawley v. City of Cleveland,* 24 F.3d 814, 821–22 (6th Cir.1994).

Alhasan now asserts that he could not obtain the transcript because he could not afford to pay the court reporter in full and in advance. This argument is unpersuasive because he did not request pauper status at trial or on appeal. Moreover, Alhasan did not move for the preparation of transcripts at government expense under 28 U.S.C. § 753, or prepare an appropriate statement of the evidence under Fed. R.App. P. 10(c). Thus, he has waived any argument that he might have had regarding the sufficiency or weight of the evidence. *See id.; Herndon v. City of Massillon,* 638 F.2d 963, 965 (6th Cir. 1981).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.