**Jeffrey LANE, Sr., Plaintiff–Appellant,**

v.

**CITY OF JACKSON; Ben Elston; Elizabeth Thomas; Jon Hasz; Robert Stilwell; Phillip Stanfill; Chris Chessnut, Defendants–Appellees.**

No. 03–5099.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2004.

John D. Burleson, Milton Dale Conder, Jr., Rainey, Kizer, Butler, Reviere & Bell, Jackson, TN, Fred Collins, Michael R. Hill, Flippin, Collins, Huey & Hill, Milan, TN, for Defendant–Appellee.

Before NELSON, GILMAN, and ROGERS, Circuit Judges.

### ORDER

Jeffery Lane, Sr., appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Lane alleged that the defendants used excessive force during a police interview and deprived him of adequate medical care for the injuries that he sustained. A jury trial was held, but the district court granted the defendants' motion and entered judgment as a matter of law in their favor on December 11, 2002. See Fed.R.Civ.P. 50(a). It is from this judgment that Lane now appeals. His brief arguably contains a request for the appointment of counsel on appeal.

We review de novo the district court's decision to grant a motion for judgment as a matter of law. Monday v. Oullette, 118 F.3d 1099, 1101 (6th Cir.1997).

The district court noted that Lane had not presented any evidence to show that the defendants violated his constitutional rights by an excessive use of force or by deliberate indifference to his serious medical needs. Lane has not identified any specific evidence from his trial that might undermine the court's assessment of his case. Moreover, we cannot review the sufficiency of the evidence de novo because he has not supplied this court with a transcript of his trial, moved for the preparation of a transcript at government expense, or prepared an appropriate statement of the evidence under Fed. R.App. P. 10(c). See Hawley v. City of Cleveland, 24 F.3d 814, 821–22 (6th Cir.1994). Hence, Lane has waived any claim that he might have had regarding the sufficiency of the evidence. See id. (citing King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959)).

Lane argues that he was not allowed to present all of the evidence and witnesses that he wanted. However, he has also waived appellate review of this argument by failing to obtain a transcript of the trial or an approved statement of the evidence under Rule 10. See Hawley, 24 F.3d at 821–22; Herndon v. City of Massillon, 638 F.2d 963, 965 (6th Cir.1981).

Accordingly, all pending motions are denied and the district court's judgment is

affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.